Eastern District of Kentucky
F I L E D
FEB 1 0 2014
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

DAVID LOVELL, )
)
    Petitioner, ) Civil No. 0: 13-132-HRW
)
V. )
)
WARDEN M. SEPANEK, ) **MEMORANDUM OPINION**
) **AND ORDER**
    Respondent. )

\*\*\* \*\*\* \*\*\* \*\*\*

David Lovell is a prisoner confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Lovell has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Lovell's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573

(6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Lovell's petition and the documents attached to it indicate that on March 15, 1999, he was arrested by local authorities in Rockcastle County, Kentucky and charged with Criminal Solicitation to Commit Murder, Murder, and Tampering with Physical Evidence. On February 3, 2000, Lovell and fifteen other individuals where charged in a nineteen-count federal indictment for their participation in a large drug trafficking operation. While still in state custody, on March 17, 2000, Lovell was taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum* to be arraigned on the federal charges.

In the federal proceedings, Lovell signed a written plea agreement on August 18, 2000. On December 8, 2000, the federal court found Lovell guilty of one count each of drug trafficking and money laundering in violation of 21 U.S.C. § 848 and 18 U.S.C. § 1956(h), and he was sentenced to a 120-month term of incarceration on each count, with those sentences to run concurrently with one another. The federal judgment was silent with respect to the relationship of the federal sentence to any future state sentence.

Lovell was returned to state custody on December 12, 2000. On January 25, 2001, the state court sentenced Lovell to a 20-year term of imprisonment on the

murder charge, directed that he be credited with 655 days of prior custody credit, and ordered that his state sentence should run concurrently with the federal sentence. Lovell remained in state custody in service of his 20-year state sentence until November 11, 2011, when he was released to federal custody. [D. E. No. 1-1, pp. 9-10]; *United States v. David Lovell*, 5:00-CR-20-KSF-5 (E.D. Ky. 2000).

In March 2013, Lovell began the Bureau of Prison's formal grievance process seeking a retroactive designation of the state prison as the place for service of his federal sentence pursuant to the doctrine described in *Barden v. Keohane*, 921 F. 2d 467 (3d Cir. 1990) in an effort to effect the state court's direction that his state sentence be served concurrently with his federal sentence. *See* BOP Program Statement 5160.05. On June 14, 2013, the BOP denied that request. In doing so, it expressly considered the salient factors set forth in 18 U.S.C. § 3621(b). The BOP noted that his federal convictions for drug trafficking and money laundering were unrelated to his state conviction for murder; that the federal judgment's silence on concurrency required the federal sentence to run consecutively pursuant to 18 U.S.C. § 3584(a); and that the federal sentencing court had not responded to the BOP's solicitation for a recommendation regarding Lovell's request. The BOP therefore concluded that a retroactive designation pursuant to *Barden* was not warranted. [D. E. No. 1-1, p. 9-10]

It is well-established that "a state court may express its intent that a defendant's state sentence run concurrently with a previously imposed federal sentence, [but] this intent is not binding on federal courts or the BOP." *United States v. Allen*, 2005 WL 332413, at *2 (3d Cir. 2005) (*citing Barden*). Because a defendant does not commence his federal sentence until he is returned by the state into federal custody, 18 U.S.C. § 3585(a), one way to give practical effect to a state court's order that its sentence run concurrently with a prior federal sentence is for the BOP to retroactively designate the state prison as the place for service of the defendant's federal sentence. *Cf. Simms v. United States*, No. 08-cv-43-HRW, 2009 WL 3061994, at *4-5 (E.D. Ky. Sept. 21, 2009). Such an approach, sanctioned by the Third Circuit in *Barden* and memorialized by the BOP in its Program Statement 5160.05, has the effect of crediting the defendant with time served in state custody against his federal sentence. *Banks v. Holland*, No. 12-50-KSF, 2012 WL 4023725, at *3 (E.D. Ky. Sept. 12, 2012).

However, the Bureau of Prisons' decision whether to make such a retroactive designation may only be reviewed by this Court for an abuse of discretion. As the Third Circuit has explained, "[t]he test is not whether a reviewing court would weigh the factors differently. The writ may issue only where an error is fundamental and carries a serious potential for a miscarriage of justice." *Eccleston v. United States*, 390 F. App'x 62, 64 (3d Cir. 2010); *see also*

*Taylor v. Eichenlaub*, No. 2:08-CV-13418, 2009 WL 2849131, at *4-5 (E.D. Mich. Sept. 1, 2009). In this case, the BOP reviewed each of the relevant factors and assessed pertinent facts, and there is no indication that it utilized invalid or discriminatory grounds to deny Lovell the designation he requested. Where, as here, the BOP has considered the relevant factors in a manner not patently inconsistent with the statute, no abuse of discretion results. *Harris v. Zickefoose*, No. 11-7472(NLH), 2012 WL 4120537, at *5 (D.N.J. Sept. 18, 2012); *Everett v. Ives*, No. 6:11-180-HRW, 2012 WL 2179097, at *3 (E.D. Ky. June 13, 2012).

Accordingly, **IT IS ORDERED** that:

1. Lovell's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

This the 10th day of February, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge